■ SHEDNEY ROBINSON, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered January 18, 1960, in New York County, upon a verdict rendered at a Trial Term.

Judgment affirmed, with costs to respondent.

VALENTE, J. (dissenting). We would reverse the judgment in favor of the plaintiff and dismiss the complaint. Under the charge to the jury plaintiff would have been entitled to recover for a wrongful discharge only if the evidence warranted a finding by the jury that the plaintiff was tried by the railway

on charges on which he was not fairly and properly apprised. That was the critical issue before the jury.

There is no dispute that plaintiff received a written notice charging him with a violation of paragraph C, Notice R. C. 7. This rule dealt with the procedure regarding service checks. At the hearing, resulting in his discharge, it developed that plaintiff had reported the sale of 1,383 checks while he purchased only 480. There is no question that at this hearing he was tried for a violation of a system established by paragraph C, Notice R. C. 7. His defense and the entire testimony indicated that he had full knowledge that he was being tried for a violation of the afore-mentioned regulation. It is true that the notice did not specify exactly in what respects he violated that regulation. However, his defense demonstrates that he knew full well the details of the alleged violation, so much so, that at the conclusion of the hearing, he offered to make financial restitution for the deficiency of 903 checks. There was no claim of surprise nor any request for adjournment when he was apprised of the particulars of the charge at the hearing.

The merits of his discharge are not before us, but in passing, we may say that the evidence indicates clearly that he had a full and fair hearing and there was ample testimony to support the finding that he was guilty of the charge. If he sold approximately three times the number of checks purchased, he was either procuring checks in a manner otherwise than provided for or was failing to receipt for checks. In view of the clear violation of the rules regarding the obtaining of payment and accounting for checks, there was ample basis for his discharge. Since his acts constituted a failure to observe paragraph C, Notice R. C. 7, the charges of which he was found guilty were, therefore, adequately encompassed in the notice. Hence, having been apprised of these charges, there was no basis for the finding of the jury that the plaintiff had been unlawfully discharged; and since this was the only issue and the written evidence offered by plaintiff indicates that notice was given and there being no issue as to that, the complaint should have been dismissed.

Botein, P. J., Breitel and Bastow, JJ., concur in decision; Rabin and Valente, JJ., dissent and vote to reverse and dismiss the complaint in a dissenting opinion by Valente, J.

Judgment affirmed, with costs to respondent.